UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIFELAST, INC., a Washington Corporation,,<br><br>Plaintiff,<br><br>v.<br><br>COLDWATER GROUP, INC., A Georgia Corporation; COLDWATER RESINS, INC., a Georgia Corporation; COLDWATER COVERS INC., a Georgia Corporation; WILLIAM DAVID WITHERS, an individual; and CHARLES H. RHOADS, an individual,<br><br>Defendants. | Case No. C04-5531RJB<br><br>ORDER EXTENDING DATE FOR SERVICE AND DENYING WITHOUT PREJUDICE COUNTERCLAIM DEFENDANT CODY MERRION'S MOTION TO DISMISS COUNTERCLAIMS FOR FAILURE TO PERFECT SERVICE |

This matter comes before the court on Counterclaim Defendant Cody Merrion's Motion to Dismiss Counterclaims for Failure to Perfect Service. Dkt. 48. The court has considered the relevant documents and the remainder of the file herein.

This case was removed to federal court on August 24, 2005. Dkt. 1. On January 25, 2005, defendants, collectively referred to as the Coldwater defendants, filed an answer to the complaint, and counterclaims against plaintiff Lifelast, Inc. and against Cody Merrion. Dkt. 35. On May 25, 2005, the court granted Coldwater's uncontested motion for an extension of time for 30 days to serve Mr. Merrion. Dkt. 45.

On July 13, 2005, Mr. Merrion filed a motion pro se, requesting that the court dismiss the counterclaims against him for failure of Coldwater to perfect service upon him. Dkt. 48. Plaintiff did not properly note the motion, but it was noted by the Clerk for consideration on the court's August 5, 2005

ORDER
Page - 1

calendar, in accord with Local Rule CR 7.

On August 5, 2005, Coldwater filed a response opposing Mr. Merrion's motion to dismiss, arguing that, with the help of his attorney, Mr. Merrion has attempted to actively evade Coldwater's attempts to serve him. Dkt. 49. The Coldwater defendants request that the court allow them until September 1, 2005 to serve Mr. Merrion. *Id.*

Fed.R.Civ.P. 4 provides in relevant part as follows:

> **(m) Time Limit for Service**. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

*Emphasis in the original.*

Mr. Merrion did not properly note the motion. Coldwater filed a response on the date the motion was noted for consideration, rather than on the Monday before the noting date. This did not allow time for a reply by Mr. Merrion. *See* Local Rule CR 7(d)(3). Nonetheless, it is uncontested that Mr. Merrion has not been served with a copy of Coldwater's counterclaims. Coldwater requests that the court extend the deadline for service on Mr. Merrion until September 1, 2005. In the interest of fairness and efficiency, the court should grant that request. Mr. Merrion's motion to dismiss should be denied without prejudice.

Therefore, it is hereby

**ORDERED** that Counterclaim Defendant Cody Merrion's Motion to Dismiss Counterclaims for Failure to Perfect Service (Dkt. 48) is **DENIED WITHOUT PREJUDICE**. The time for perfecting service on Mr. Merrion by the Coldwater defendants is **EXTENDED** until September 1, 2005.

The Clerk is directed to send uncertified copies of this Order to Mr. Cody Merrion at P.O. Box 440429, Kennesaw, GA, 30160; to all counsel of record, and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of August, 2005.

Robert J. Bryan
United States District Judge