UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIFELAST, INC., a Washington Corporation,,<br><br>        Plaintiff,<br><br>        v.<br><br>COLDWATER GROUP, INC., A Georgia Corporation; COLDWATER RESINS, INC., a Georgia Corporation; COLDWATER COVERS INC., a Georgia Corporation; WILLIAM DAVID WITHERS, an individual; and CHARLES H. RHOADS, an individual,<br><br>        Defendants.<br><br>COLDWATER GROUP, INC., a Georgia Corporation; COLDWATER COVERS, INC., a Georgia Corporation,<br><br>        Counterclaim Plaintiffs,<br><br>        v.<br><br>LIFELAST, INC., a Washington Corporation, and CODY MERRION, an individual,<br><br>        Counterclaim Defendants. | Case No. C04-5531RJB<br><br>ORDER ON COUNTERCLAIM DEFENDANT CODY MERRION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT |

    This matter comes before the court on Counterclaim Defendant Cody Merrion's Motion to Dismiss or in the Alternative, for Summary Judgment. Dkt. 55. The court has considered the relevant documents and the remainder of the file herein, and has determined that this motion may be ruled upon without oral argument.

ORDER
Page - 1

## PROCEDURAL HISTORY

This case was removed to federal court on August 24, 2005. Dkt. 1. On January 25, 2005, defendants, collectively referred to as the Coldwater defendants, filed an answer to the complaint, and counterclaims against plaintiff Lifelast, Inc. and against Cody Merrion. Dkt. 35.

On September 7, 2005, Mr. Merrion filed a motion to dismiss or, in the alternative, for summary judgment. Dkt. 55. Mr. Merrion contends that Coldwater failed to properly serve him because he was entitled to service immunity; Coldwater has not stated sufficient legal or factual grounds to support its counterclaims against him; and there are no genuine issues of material fact supporting Coldwater's counterclaims against him. *Id.*

On September 26, 2005, Coldwater filed a response, opposing Mr. Merrion's motion. Dkt. 58. Coldwater claims that Mr. Merrion has no service immunity and was therefore properly served; that Coldwater's claims are not barred by the terms of a Settlement Agreement because that agreement was procured by fraud; and that Coldwater has satisfied the notice pleading requirements of Fed.R.Civ.P. 8(a) for each of the claims pled against Mr. Merrion. *Id.* Coldwater contends that Mr. Merrion's alternative motion for summary judgment should be denied because Mr. Merrion has failed to show an absence of genuine issues of material fact. *Id.*

## RELEVANT FACTS

In 1996, Mr. Merrion left his employment with LifeLast and went to work for Coldwater. Mr. Merrion left his employment with Coldwater in September of 2003.

On September 30, 2003, Coldwater sued Mr. Merrion in Cobb County, Georgia (Georgia lawsuit), asserting claims against Mr. Merrion, Joseph Marcinko and Polymer Synergies, LLC for misappropriation of trade secrets, breach of fiduciary duty, misappropriation of corporate opportunity, unjust enrichment, common law unfair competition, and tortious interference with contractual relations; and asserting claims against Marcinko and Polymer Synergies for breach of contract. Dkt. 58, Withers Affidavit, Exh. 1.

On October 21, 2003, Coldwater entered into a Consent Order in the Georgia lawsuit, which included a preliminary injunction that restrained Mr. Merrion from, among other things, disclosing to any third parties information regarding Coldwater's current formulations and any proprietary information regarding the design or manufacture of Coldwater's current equipment. Dkt. 58, Withers Affidavit, Exh. 2,

at 5.

On April 21, 2004, Coldwater and Mr. Merrion entered into a Settlement Agreement resolving the Georgia lawsuit. That agreement provided that Coldwater (and Mr. Withers) would:

> release, acquit, and forever discharge Merrion and his agents, employees, attorneys, heirs assigns, representatives, and successors (collectively the ("Merrion Released Parties")) from any and all Claims that each of them had, now has, or may later have or claim to have against the Merrion Released Parties, now accrued or which may hereafter accrue, involving or based in whole or in part upon any facts, conduct, activities, transactions, events, or occurrences that have or allegedly have existed, occurred, happened, arisen, or transpired at any time from the beginning of time to the date of Coldwater's and Withers' execution of this Agreement, known or unknown, provided, however, that Coldwater Group, Coldwater Resins, Coldwater Covers, Coldwater Seals, and Withers do not release, acquit, or discharge Merrion from his obligations under this Agreement....Withers is signing this Agreement in his individual capacity in order to evidence his agreement to this paragraph 5.

Dkt. 53, Exh. B, ¶ 5. Mr. Merrion provided an affidavit to Coldwater, in connection with the Settlement Agreement that provided: "I understand that Coldwater is relying upon the statements in this affidavit in entering into this Settlement Agreement." Dkt. 58, Withers Affidavit, Exh. 3, Affidavit of T. Cody Merrion, at ¶ 1. Mr. Merrion's Affidavit further provided as follows:

> I have never disclosed any of Coldwater's chemical formulas or derivatives of them to anyone other than in connection with Coldwater's business. I have never disclosed any of Coldwater's machine designs to anyone other than in connection with Coldwater's business. I have never done anything with any of Coldwater's chemical formulas or any of Coldwater's machine designs other than in connection with the work I performed for Coldwater.

Dkt. 58, Withers Affidavit, Exh. 3, Affidavit of T. Cody Merrion, at ¶ 8.

On January 21, 2004, before the Settlement Agreement in the Georgia case was signed, Mr. Merrion met with Jeff Buratto and Mark Buratto of Lifelast. Coldwater obtained an audio recording of that meeting through discovery in this case, and the recording has been submitted in response to Mr. Merrion's motion to dismiss/motion for summary judgment. Dkt. 58, Withers Affidavit, Exh. 4. The court has reviewed the entire audio recording.

Before August 15, 2005, Mr. Merrion had not been served in this case. On August 15, 2005, he appeared for his deposition in Seattle, Washington, in connection with this case, and was served with Coldwater's counterclaim.

## LEGAL STANDARD

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th

ORDER
Page - 3

Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial,

ORDER
Page - 4

1  in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809
2  F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not
3  sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S.
4  871, 888-89 (1990).

DISCUSSION

**1. Service of Process**

Mr. Merrion contends that he was immune from service of process when he was at his deposition. He requests that the counterclaim against him be dismissed.

Witnesses, parties and attorneys coming from another jurisdiction are exempt from service of civil process while in attendance upon court, and during a reasonable time in coming and going. *Stewart v. Ramsay*, 242 U.S. 128, 129. However, where the matter in which the witness was testifying is closely related to the case in which the summons was issued, no immunity exists. *Lamb v. Schmitt*, 285 U.S. 222, 227-28 (1932); *see also McDonnell v. American Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1179-80 2nd Cir. 1972); *Cabiri v. Assasie-Gyimah*, 921 F.Supp. 1189, 1193-94 (S.D.N.Y. 1996)("where there is a close relationship between the two actions, and both involve vindication of the same cluster of rights and interests, then witness immunity from service of process should be withheld").

Coldwater served Mr. Merrion with the summons in this case when he arrived for his deposition in this case. Although Mr. Merrion's counsel had sent a letter to Coldwater conditioning his attendance at the deposition upon assurances that his attendance would not be used as an opportunity to serve him with process, there is no evidence that Coldwater agreed to this condition. Coldwater offered not to serve Mr. Merion at his deposition if his counsel would accept service of the Counterclaims beforehand, but Mr. Merrion's counsel did not respond to that request.

Coldwater had had difficulty serving Mr. Merrion in this case, and contends that Mr. Merrion had been evading service of process. The court extended the time to serve Mr. Merrion, following a motion by Coldwater. Mr. Merrion was timely served in this matter. Because he was served in the same case as the one in which he was giving a deposition, service immunity does not apply, and Coldwater's service upon Mr. Merrion was valid.

The court should deny Mr. Merrion's motion to dismiss/motion for summary judgment as to this issue.

**2. Settlement Agreement Release**

In its answer and counterclaim, Coldwater alleged as follows:

> In settlement of Group's lawsuit against Merrion, Merrion entered into a Settlement Agreement with Counterclaim Plaintiffs which resulted in a Consent Order and Final Judgment that prohibits Merrion from disclosing any confidential information relating to Group's creation, production or manufacture of its roll covering materials.

Dkt. 35, ¶ 43.

> In furtherance of the Counterclaim Defendants' conspiracy to unfairly compete, Merrion violated the Temporary Restraining Order and/or the Settlement Agreement he entered into with the Counterclaim Plaintiffs, by discussing Counterclaim Plaintiff's operations and development with LifeLast.

Dkt. 35, ¶ 86.

The counterclaims against Mr. Merrion allege (1) a conspiracy with Lifelast to unfairly compete with Coldwater; and (2) tortious interference with business relations. Dkt. 35, at ¶¶ 84-94. These claims are allegedly based upon the audio recorded meeting between Mr. Merrion and Lifelast representatives Jeff Buratto and Mark Buratto on January 21, 2004.

Mr. Merrion contends that the counterclaims against him are barred by the express language of the Settlement Agreement, and that they should be dismissed as a matter of law.

In its response to Mr. Merrion's motion to dismiss/motion for summary judgment, Coldwater claims that the Settlement Agreement is not enforceable because it was procured by fraud. Coldwater argues that, in his April 21, 2004 Affidavit, executed as a condition of the settlement, Mr. Merrion stated under oath that he never disclosed Coldwater's formulas to another party; that the tape recording of the January 21, 2004 meeting between Mr. Merrion and Lifelast indicates that Mr. Merrion's sworn statement was untrue because he disclosed Coldwater's formulas and derivatives to Lifelast during that meeting; and that the Settlement Agreement was therefore procured by Mr. Merrion's fraud.

In his reply, Mr. Merrion argues that Coldwater has never pled fraud against Mr. Merrion in this litigation, and cannot evade the pleading requirement by making factual allegations of fraud. Dkt. 60. Instead, Mr. Merrion contends that Coldwater was required to amend its counterclaim to include specifically pled allegations of fraud when it first discovered the alleged fraud, and because it failed to do

so in a timely fashion, it should be held to have waived the fraud and barred from claiming recision. *Id.*

Where a settlement agreement is procured by fraud, the party that has fraudulently induced has a choice of remedies: the party may rescind the contract or may affirm the contract and sue for fraud. *Matsuura v. Alston & Bird*, 166 F.3d 1006, 1008 (9th Cir. 1999); *Merritt v. State Farm Mutual Auto Ins. Co.*, 544 S.E.2d 180, 185 (Ga.Ct.App. 2000)("Fraud ordinarily gives the injured party the right either to rescind the contract, or, by affirming the same, to claim damages"). Under Fed.R.Civ.P. 8(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

In Georgia, to establish the tort of fraud, a plaintiff is required to show: (1) a false representation; (2) scienter; (3) intent to induce plaintiff to act or refrain from acting thereon; (4) justifiable reliance by plaintiff; and (5) proximate damage to the plaintiff. *Scarbrough v. Hallam*, 240 Ga.App. 829, 832(3), 525 S.E.2d 377 (1999); *Vester v. Mug A Bug Pest Control*, 231 Ga.App. 644, 646(1)(a), 500 S.E.2d 406 (1998), *rev'd on other grounds, Mug A Bug Pest Control v. Vester*, 270 Ga. 407, 509 S.E.2d 925 (1999); *Lister v. Scriver*, 216 Ga.App. 741, 745, 456 S.E.2d 83 (1995); *Parsells v. Orkin Exterminating Co.*, 172 Ga.App. 74, 75, 322 S.E.2d 91 (1984). The Settlement Agreement is governed by Georgia law. See Dkt. 53, Exh. B., at ¶ 19.

In Washington, in order to prove fraud, the plaintiff must establish each of the following elements by clear, cogent, and convincing evidence: (1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage. *Turner v. Enders*, 15 Wash.App. 875, 878 (1976); *Kirkham v. Smith*, 106 Wash.App. 177, 183 (2001).

This issue comes before the court in an unusual posture. In its counterclaims, Coldwater alleged the Mr. Merrion breached the Settlement Agreement. Coldwater did not allege the elements of fraud, under either Georgia law or Washington law. Further, Coldwater did not indicate in the counterclaims whether it was electing to rescind the Settlement Agreement or affirm the contract and sue for damages.

ORDER
Page - 7

In alleging claims against Mr. Merrion for conspiracy with Lifelast to unfairly compete with Coldwater, and for tortious interference with business relations, Coldwater missed a step. The counterclaims include a specific reference to the Settlement Agreement. Nonetheless, Coldwater did not address in the counterclaims the release provision of the Settlement Agreement (Dkt. 53, Exh. B, ¶ 5) nor did it allege that the Settlement Agreement was obtained by fraud.

If Coldwater intends to prove fraud in the inducement of the Settlement Agreement, or if Coldwater intends to attempt to invalidate the Settlement Agreement on another legal theory, such a claim must be pled with sufficient particularity that Mr. Merrion has notice of the claims and an opportunity to respond to claims that are clearly and unambiguously pled. Further, with regard to Mr. Merrion's argument that Coldwater has failed to allege the elements or facts required to establish conspiracy, unfair competition, or tortious interference, the factual basis for those claims is not clear to the court. The complaint should clearly set forth the facts supporting the claims, the relationship of the facts to the elements of those claims, and citations to Washington and/or Georgia law.

The claims in this matter appear to be based upon on proper legal theories, but they either fail to allege sufficient facts, or fail to connect those facts to the elements of the claims. Dismissal of the counterclaims against Mr. Merrion is not warranted since it appears that the deficiencies in the complaint may be cured by an amended complaint. Accordingly, Coldwater should be afforded the opportunity to amend the complaint before dismissal. *See Keniston*, 717 F.2d at 1300.

Mr. Merrion requests that the court dismiss the counterclaims with prejudice, arguing that Coldwater is untimely in challenging the validity of the Settlement Agreement. Mr. Merrion has only recently been served, and he has not yet filed an answer to the counterclaims. Moreover, the audio recording upon which Coldwater's counterclaims are based was produced in the context of discovery in this case. The court cannot conclude that Coldwater was untimely in challenging the validity of the Settlement Agreement.

Therefore, it is hereby

**ORDERED** that Counterclaim Defendant Cody Merrion's Motion to Dismiss or in the Alternative, for Summary Judgment (Dkt. 55) is **DENIED**. Not later than October 18, 2005, Coldwater is **ORDERED** to file an amended complaint, curing the deficiencies as directed above.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th day of October, 2005.

Robert J. Bryan
United States District Judge