1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
9                         AT TACOMA

10

11 | LIFELAST, INC., a Washington Corporation,

12 |          Plaintiff,

13 |              v.

14 | COLDWATER GROUP, INC., a Georgia        Case No.  C04-5531 RJB
   | Corporation; COLDWATER RESINS, INC.,
15 | a Georgia Corporation; COLDWATER
   | COVERS, INC., a Georgia Corporation;    ORDER GRANTING COUNTERCLAIM
16 | WILLIAM DAVID WITHERS, an individual;   PLAINTIFFS' MOTION TO DISMISS
   | and CHARLES H. RHOADS, an individual,   COUNTERCLAIMS AGAINST
17 |                                         CODY MERRION
   |          Defendants.
18
   | COLDWATER GROUP, INC., a Georgia
19 | Corporation; COLDWATER COVERS, INC.,
   | a Georgia Corporation,
20
   |          Counterclaim Plaintiffs,
21
   |              v.
22
   | LIFELAST, INC., a Washington Corporation,
23 | and CODY MERRION, an individual,

24 |          Counterclaim Defendants.

25

26
       This matter comes before the Court on Counterclaim Plaintiffs' Motion to Dismiss Counterclaims
27
   Against Cody Merrion. Dkt. 63. The Court has considered the pleadings filed in this matter and the file
28
   within. No pleadings were filed in opposition to this motion.

ORDER
Page - 1

## PROCEDURAL HISTORY

This case was removed to federal court on August 24, 2004. Dkt. 1. On January 25, 2005, Defendants, collectively referred to as Coldwater, filed an answer to the complaint, and counterclaims against Plaintiff Lifelast, Inc. and Cody Merrion. Dkt. 35. Merrion is not a plaintiff in this action. Coldwater's counterclaims against Merrion alleged (1) conspiracy to engage in unfair competition, (2) unfair competition, and (3) tortious interference with business relations. *Id.*

On September 7, 2005, Merrion filed a motion to dismiss or, in the alternative, for summary judgment. Dkt. 55. On October 4, 2005, the Court denied Merrion's motion, and ordered Coldwater to amend their counterclaims against Merrion. Dkt. 62. Specifically, the Court ordered Coldwater to amend their counterclaims in order to (1) address the issue of rescission of an earlier settlement agreement between Coldwater and Merrion, and (2) plead any allegations of fraud with specificity. *Id.*

On October 18, 2005, Coldwater responded to the Court's Order by filing this motion to dismiss all counterclaims against Merrion pursuant to Fed. R. Civ. P. 41(a)(2). Dkt. 63. Coldwater contends that, when they brought the counterclaims against Merrion, they believed in good faith that these claims could be litigated without a full exploration of the former settlement agreement. *Id.* at 2. Coldwater now believes that such an exploration could not be presented efficiently at this stage of the present action without significant additional discovery, which has already been completed. *Id.* Coldwater further contends that they desire to have an expeditious resolution of the issues, and avoid unnecessary complications and delays. *Id.* at 2-3.

## APPLICABLE STANDARDS

Fed. R. Civ. P. 41(a)(2) states in part that "an action shall not be dismissed at the Plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Rule 41(a)(2) gives broad discretion to the district court to determine the appropriate terms and conditions for dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). In making its decision, the district court must consider whether the defendant will suffer legal prejudice as a result

of the dismissal. *Id.* A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that he or she will suffer legal prejudice as a result. *Id.*

ORDER

Coldwater's motion to dismiss all counterclaims against Merrion should be granted because there is no evidence to suggest that Merrion will suffer legal prejudice as a result. Merrion is not a plaintiff in this action, and upon execution of this order, will no longer be a party to these proceedings. Further, Merrion did not file a response to Coldwater's motion to dismiss, nor did any other party file a response to Coldwater's motion to dismiss.

Therefore, it is hereby

**ORDERED** that Counterclaim Plaintiffs' Motion to Dismiss Counterclaims Against Cody Merrion (Dkt. 63) is **GRANTED** without prejudice.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th day of November, 2005.

*Robert J. Bryan* (signature)

Robert J. Bryan
United States District Judge